UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re APPLICATION OF ALFREDO CARLOS POTT for Judicial Assistance Pursuant to 28 U.S.C. § 1782,

Plaintiff,

v.

ICICLE SEAFOODS, INC.,

Defendant.

CASE NO. C13-332-RSM

ORDER ON MOTIONS

This matter comes before the Court on Alfred Carlos Pott's motion to compel (Dkt. # 8), and intervenor Bentinicos de Argentina's ("BDA") motion to quash the subpoena, contained within its responsive memoranda (Dkt. # 19). For the reasons set forth below, the Court DEFERS the motion to compel and DENIES the motion to quash. BDA's remaining motion is STRICKEN as MOOT (Dkt. #15).

## I. BACKGROUND

This case arises from Mr. Potts' application for judicial assistance pursuant to 28 U.S.C. § 1782. Mr. Pott is an Argentine businessman in the seafood industry. He contends that BDA, an

Argentinean seafood company that he co-founded, was worth more than the amount that Acqua Holdings, LLC ("Acqua") purchased it for. Mr. Pott claims that he sold his controlling interest in BDA to World Capital Properties, Ltd., a Florida company ("WCP"), to inject the capital necessary to keep the business afloat when it faced financial hardship. He contends that WCP and its principles defrauded him by effectuating a sham sale of BDA to a newly created entity, Acqua, in order to deny him contractually obligated payments, profit sharing, and a commission on the sale. Dkt. # 8, pp. 2-3.

In March of 2011, Mr. Pott initiated criminal proceedings against WCP and BDA in Argentina. The Argentine trial court dismissed his claims and that ruling has been affirmed in two successive appeals. Mr. Pott further intends to pursue his appellate rights in the criminal case and to initiate arbitration against WCP in Argentina under the rules of the International Chamber of Commerce (the "ICC").

Seeking additional evidence regarding BDA, Acqua, and WCP's corporate relationship, Mr. Pott filed an ex-parte application for judicial assistance seeking a subpoena against interested party Icicle Seafoods, Inc. ("Icicle"), a resident of this district. Icicle is a seafood company that purchases king crab from BDA. Mr. Pott contends that Icicle was approached by BDA to buy it in whole or in part and that it may have documents demonstrating that BDA was valued higher than the actual Acqua-BDA transaction.

Mr. Potts' application for judicial assistance was granted by this Court on January 18, 2013, under 13-mc-00007-RSL. Dkt. # 3. Icicle was notified of BDA's intent to file a motion to quash the subpoena on or before February 15, 2013 (Dkt. # 10-1, p. 11) and requested assistance from the Court to set a briefing schedule. Dkt. # 6. The Court construed Icicle's request as an

objection and converted the miscellaneous action to a civil case. Mr. Pott filed this motion to compel Icicle to produce documents pursuant to the subpoena.

BDA then made an "emergency motion" to intervene and for an extension of time to move to quash the subpoena. The Court denied the motion (Dkt. # 11), but permitted BDA to intervene (Dkt. # 14) on Potts' submission that he did not oppose intervention. BDA filed an additional "emergency motion," which is still pending. Dkt. # 15. BDA moved, within its response to Pott's motion to compel, to quash the subpoena. Dkt. # 19. Icicle contends that the motion to quash should be addressed first, but notes that it has worked with Pott to narrow the scope of the requested discovery. According to the materials presented by Pott, BDA has refused to participate in the discussions or negotiate a protective order until after resolution of its motion to quash. *See* Dkt. # 17, pp. 3-4.

## II. DISCUSSION

The Court turns first to BDA's motion to quash the subpoena. BDA contends that the application was improvidently granted under 28 U.S.C. § 1782. Section 1782 provides, in relevant part, that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." 28 U.S.C. 1782(a). The district court may grant the request for judicial assistance if four statutory requirements are met. First, the request must be made "by a foreign or international tribunal," or by "any interested party." *Id.* Second, the application must request "testimony or statement" or request the production of a "document or other thing." *Id.* Third, the evidence must be "for use in a proceeding in a foreign or international tribunal." *Id.* And fourth, the person subject to the request must reside in the district of the district court where

the application is pending. *Id.* If the four requirements are met, the court has discretion to grant the application. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 252 (2004).

To determine whether it should exercise its discretion to grant a § 1782 application, the court considers the following four non-exclusive factors: (1) whether the application seeks discovery from a party that is a participant in the foreign proceeding, (2) the nature of the proceeding and that tribunal's receptivity to the requested discovery, (3) whether the request attempts to circumvent foreign discovery restrictions or policies, and (4) whether the request is unduly burdensome or intrusive. *See id.* at 264-65; *In re Digitechnic*, No. C07-414-JCC, 2007 WL 1367697, * 3 (W.D. Wash. May 8, 2007). In addition, the decision to grant an application is made in light of the twin aims of § 1782: to provide "efficient means of assistance to participants in international litigation in our federal courts" and to encourage "foreign countries by example to provide similar means of assistance to our courts." *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2nd Cir. 2004) (quotations omitted).

BDA contends that Pott's application fails to meet the statutory requirement that discovery must be for use in a foreign proceeding. Dkt. # 19, p. 4. It does not challenge the application's statutory sufficiency on any other ground. BDA argues that Pott's criminal appellate rights have been exhausted and therefore his application for judicial assistance is moot. *Id.* Pott, however, contends that while the time to introduce new evidence in the appellate process is limited, he has not exhausted his right of appeal. Dkt. # 16, p. 6. Pott contends that he had ten days from the March 1, 2013 dismissal to appeal the decision before the Second Appellate Court, and pending denial of that appeal, he could and intends to pursue a final appeal to the Argentine Supreme Court. *Id.* While BDA argues that the Argentine Supreme Court will not likely take Pott's appeal, such supposition does not demonstrate that Pott's criminal case has

been definitively ended. Accordingly, the Court finds that Pott's ongoing criminal proceeding qualifies as a foreign proceeding under 28 U.S.C. 1782.[1]

BDA also challenges the Court's grant of the application on the grounds that factors two, three, and four of the non-exclusive *Intel* factors favor BDA. *See Intel*, 542 U.S. at 245-6. Factor one necessarily favors Pott as Icicle is not a party to the foreign action. *Intel* factor two directs courts to consider the nature of the foreign proceeding and the receptivity of the foreign tribunal to the evidence sought. BDA contends that this factor weighs against Pott because if an Argentinean criminal court had wanted such evidence, it could have requested it pursuant to a Mutual Legal Assistance Treaty ("MLAT"). BDA also argues that no Argentinean tribunal will be receptive to the requested information. Neither party offers anything other than pure speculation about whether the Second Criminal Court or the Argentine Supreme Court will be receptive to the information, or whether an Argentine court could have requested the information sought by Pott. *See Intel*, 542 U.S. at 261-62 ("A foreign tribunal's reluctance to order production . . . in the United States similarly may signal no resistance to the receipt of evidence gathered pursuant to § 1782(a).") (citation omitted). Without further information necessary to evaluate the Argentinean criminal process, this factor remains neutral.

The third *Intel* factor requires the court to assess whether Pott's discovery request attempts to circumvent Argentina's discovery rules or policies. BDA contends that this factor either cuts against Pott since he could have sought the requested evidence in Argentina, or that it favors BDA in that *perhaps* Pott "attempted it, and the court in Argentina denied it, which would clearly makes it an attempt to circumvent Argentinean restrictions." Dkt. # 19, p. 11. Again,

---

[1] The Court declines to address whether Pott's reasonably contemplated pursuit of ICC arbitration satisfies the statutory foreign proceeding requirement.

however, these arguments are based on pure speculation. Pott contends that BDA has an incentive to evade production in Argentina. Dkt. # 22, p. 5. He seeks information from Icicle, a disinterested third party, to find evidence that supports his theory that the BDA-Aqua transaction undervalued BDA. Such evidence may be available from Icicle, who Pott contends was approached to purchase BDA in whole or in part. Pott requests evidence concerning how Icicle valued BDA. Thus, Icicle may well have information not previously available to Pott through BDA. Moreover, BDA offers no information to indicate that Pott's production requests from Icicle circumvent Argentinean discovery rules. Because Pott seeks information that may contradict the evidence produced by BDA in Argentina, this factor favors Pott.

The final *Intel* factor directs courts to consider whether the request is burdensome and duplicative. As to this factor BDA argues that Pott is on a fishing expedition intended to harass the Argentinean defendants and that his requests to Icicle are burdensome to BDA. It also states that "the discovery here is duplicative[]" because "[i]n fact, Pott already stated that he took discovery in Argentina." Dkt. # 19, p. 12. Considering first the assertion that BDA is somehow burdened by Icicle's compliance with the subpoena, the Court finds the argument without merit. Pott contends that he and Icicle have worked collectively to limit the breadth of the discovery and there is no expense to BDA associated with document production. Next, as to BDA's characterization of the application as a "fishing expedition," as discussed above, the Court has no evidence before it to evaluate the nature of the evidence produced in Argentina, but notes that Icicle may have relevant evidence that is not otherwise available in Argentina. Therefore, this factor favors Pott as well. Given that Pott's application satisfies the threshold statutory requirements and that no discretionary factor favors BDA, BDA's motion to quash the subpoena is DENIED.

Turning next to Pott's motion to compel, Icicle made initial and supplemental objections to the subpoena that have not been fully addressed in the briefing. Because it appears that the parties are willing to negotiate a stipulated protective order that narrows the scope of Pott's discovery request, the Court defers ruling on the motion to compel and directs the parties to submit a stipulated protective order by May 8, 2013.

## III. CONCLUSION

Having reviewed the motions, responses and replies thereto, the attached declarations and exhibits, and the remainder of the record, the Court finds and ORDERS:

(1) Plaintiff's Motion to Compel (Dkt. # 8) is DEFERRED;

(2) BDA's Motion to Quash the Subpoena (Dkt. # 19) is DENIED;

(3) The parties shall submit a proposed stipulated protective order by May 8, 2013;

(4) BDA's Emergency Motion (Dkt. # 15) is stricken as MOOT.

(5) The Clerk is directed to send a copy of this Order to all counsel of record.

Dated this 30 day of April 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE